UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | Case No. 08-30669 |
| **CASA DE CAMBIO MAJAPARA** | ) | |
| **S.A. DE C.V.,** | ) | Hon. Bruce W. Black |
| | ) | |
| **Debtor in a Foreign Proceeding.** | ) | |
| | ) | |

**FINAL REPORT OF FOREIGN REPRESENTATIVE**

Daniel Tapia Izquierdo, not personally, but in his capacity as foreign representative and trustee (the "Foreign Representative"), appointed in the matter of the *Comisión Nacional Bancaria y de Valores v. Casa de Cambio Majapara S.A. de C.V.* (the "Debtor" or "Majapara"), pending in the Second District Court for Civil Matters in and for the First Circuit, Mexican States (the "Foreign Court"), Commercial Bankruptcy Proceeding No. 118/2008 (the "Foreign Main Proceeding"), under the *Ley de Concursos Mercantiles* (Law of Commercial Insolvency) a/k/a the Mexican Law of Commercial Bankruptcy Proceedings (the "Mexican Bankruptcy Law"), hereby files his Final Report in the above-captioned proceeding pursuant to Fed. R. Bankr. P. 5009(c).

I.   **Nature and Results of the Foreign Representative's Activities in this Court**

On March 5, 2008 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing Case No. 08-05230 (the "Chapter 11 Case") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court").  Thereafter, the Foreign Representative was appointed in the Foreign Main Proceeding to review, analyze and initially determine claims and to administer the liquidation of the Debtor's assets.

The following creditors participated in the Debtor's bankruptcy cases in the United States: Wells Fargo Bank, N.A., as successor to Wachovia Bank, N.A. ("Wachovia"), Capitaliza-T, S.R.L. de C.V. ("Cap-T"), Promedia Computer S.A. de C.V. ("Promedia"), Sceptre de Mexico S.A. de C.V. ("Sceptre") and Mitsu de Mexico S.A. de C.V. ("Mitsu" and together with Promedia and Sceptre, the "Ad Hoc Committee").  Of these creditors, only Wachovia is a U.S. creditor and, as set forth below, all of the foregoing creditors ultimately had their claims administered in the Foreign Main Proceeding and received distributions.

Before the Petition Date, Wachovia acquired a security interest in approximately $1.6 million of the Debtor's previously unencumbered funds at Harris Bank in Chicago, Illinois (the "Harris Funds").  The Foreign Representative needed the Bankruptcy Court's assistance to preserve and liquidate the Debtor's assets located in the United States, including the Harris Funds, for the benefit of all of the Debtor's creditors pursuant to Mexican Bankruptcy Law.  Therefore, on November 11, 2008, the Foreign Representative filed a petition for recognition of the Foreign Main Proceeding as a foreign main proceeding within the meaning of 11 U.S.C. § 101(23) and under chapter 15 of the Bankruptcy Code, thereby commencing Case No. 08-30669 in the Bankruptcy Court (the "Chapter 15 Case").

On December 10, 2008, after proper notice and a hearing, the Bankruptcy Court found, among other things, that: (i) the Foreign Main Proceeding is a "foreign proceeding" within the meaning of 11 U.S.C. § 101(23); (ii) Daniel Tapia Izquierdo is an individual person and the "foreign representative" of the Debtor within the meaning of 11 U.S.C. § 101(24); and (iii) the Debtor's center of main interests is in Mexico.  The Bankruptcy Court's Order Recognizing Foreign Main Proceeding was entered on December 19, 2008.

On December 24, 2008, in both the Chapter 11 Case and the Chapter 15 Case, the Foreign Representative filed his motion to dismiss the Chapter 11 Case and to grant certain relief in the Chapter 15 Case and supporting memorandum of law. On January 16, 2009, the Bankruptcy Court entered the Order Dismissing Chapter 11 Case and Granting Related Relief Pursuant to 11 U.S.C. § 1521.

On April 29, 2010, the Foreign Representative filed a motion asking the Bankruptcy Court to extend comity to the Foreign Court and the Foreign Main Proceeding and to require turnover of the Debtor's assets, including the Harris Funds, to the Foreign Representative for the purpose of making distributions to the Debtor's creditors, including Wachovia, in accordance with the Mexican Bankruptcy Law. That motion eventually led to a compromise with Wachovia and the entry, on December 23, 2010, of the Agreed Conditional Order Entrusting Harris Funds to Daniel Tapia, as Trustee, Upon the Occurrence of Certain Conditions Precedent. The parties subsequently acknowledged the occurrence of the conditions precedent on May 11, 2011.

Despite the Foreign Representative's agreed resolution with Wachovia, litigation in the United States between Wachovia and Citibank, another one of the Debtor's prepetition banks, remained pending in the United States District Court for the Southern District of New York. Moreover, the Foreign Representative was still involved in litigation with Cap-T. The Foreign Representative therefore sought to maintain the Chapter 15 Case pending resolution of those issues, distribution of most of the Debtor's cash in Mexico, and comfort that he would no longer need the assistance of the Bankruptcy Court with respect to his duties as the Debtor's trustee in Mexico. The Foreign Representative has now determined that he will no longer require any further assistance from the Bankruptcy Court and the Chapter 15 Case may be closed. The

Foreign Representative is sincerely grateful for the Bankruptcy Court's cooperation and assistance in the Chapter 15 Case.

## II. Status and Results of the Foreign Representative's Activities in the Foreign Main Proceeding

ADMINISTRATIVE AND OPERATIONAL STATUS OF MAJAPARA

From the beginning of the Foreign Main Proceeding, all operations of the Debtor were ceased. Moreover, the National Bank and Values Commission (Comisión Nacional Bancaria y de Valores) of Mexico duly served the revocation of the Debtor's authorization to operate as a "Casa de Cambio" (i.e., an exchange center). Upon the conclusion of the Foreign Main Proceeding, the status will be the same, as Majapara will never again be authorized to operate.

QUARTERLY REPORTS

Pursuant to article 59 of the Mexican Bankruptcy Law, the Foreign Representative has filed with the Mexican Court the quarterly reports regarding administration, cash flow, expenses, pending labor and civil/commercial disputes, and distributions to creditors.

DISTRIBUTIONS IN MEXICO

On April 7, 2011, the Mexican Court authorized the first distribution of assets to the Debtor's recognized creditors. All creditors were duly notified of the authorization and the procedure to receive their payment, which was made in U.S. Dollars. To date, the Foreign Representative has made the first distribution to creditors that represent 84.06% of total amount of recognized claims.

On October 2, 2013, the Mexican Court authorized the second distribution of assets to the Debtor's recognized creditors. All creditors were duly notified of the authorization and the procedure to receive their payment, which was made in U.S. Dollars. To date, the Foreign

Representative has made the second distribution to creditors that represent 78.96% of total amount of recognized claims.

Certain creditors have not yet received their distribution, because (a) they are not interested in the small amounts to be distributed, (b) they are no longer available or cannot be located, and/or (c) they are waiting for the final distribution, at which time they will receive the total amount due to them in a single distribution.

From the pool of creditors, it is important to note that Wachovia, Cap-T and each of the members of the Ad Hoc Committee have received their first and second distributions in accordance with the terms and amounts approved by the Mexican Court.

ESTATE

The Debtor's remaining bankruptcy estate in the Foreign Main Proceeding consists of a modest amount of cash in checking accounts and three parcels of real estate. One parcel of real estate is located in Colima, Colima, México. Upon the Foreign Representative's request for authorization, the Mexican Court had instructed him to sell it at a public auction, following the procedure provided under the Mexican Bankruptcy Law.

Another parcel of real estate, which is the principal office of the Debtor where all the operative, financial and accounting papers are safeguarded, is located in Mexico City. Because of the current state of the bankruptcy process in Mexico, those documents will no longer be readily needed. The Trustee has accordingly asked for authorization from the Mexican Court to move the documents to a secure warehouse so he may sell the property.

Finally, on July 8, 2016, the Foreign Representative sold the property located in Morelia, Michoacan, México, under direct sale authorized by the Court. The property sold for

approximately $235,000.00 USD. The proceeds are intended to be distributed with the third and last distribution to creditors.

Despite the Foreign Representative's efforts, the economic and financial issues in Mexico, along with the location of the properties, have prevented the sale of the Debtor's other real estate. The Foreign Representative has retained realtors in order to improve the possibilities of liquidation and will ultimately sell the properties under the direction of the Mexican Court. Upon the sale of the last parcel of real estate, the Foreign Representative will propose third and final distributions to the Mexican Court and make such approved distributions to the Debtor's recognized creditors in the Foreign Main Proceeding. The Foreign Representative hopes and intends that the final distributions will be made before the end of this year.

Given the status of the proceedings, the Foreign Representative no longer requires any further assistance from this Court but thanks the Court for its patience, cooperation and assistance in the Chapter 15 Case.

Respectfully submitted,

Dated: July 12, 2016

DANIEL TAPIA IZQUIERDO, not personally, but in his capacity as foreign representative and receiver of Casa de Cambio Majapara S.A. de C.V. in Mexico

By: */s/ Mark L. Radtke*
One of his attorneys

Mark L. Radtke (#6275738)
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60654
(312) 541-0151  telephone
mradtke@shawfishman.com

{6591 RPT A0444323.DOCX 2}